HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JTH TAX LLC (d/b/a LIBERTY TAX SERVICE), | Case No. 3:20-cv-05484-RJB |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS** |
| vs. | |
| MARK KELLY, | |
| Defendant. | |

This matter comes before the court on Plaintiff JTH Tax LLC d/b/a Liberty Tax Service's ("Liberty") Motion to Dismiss Defendant's Counterclaims.  Dkt. 30. The Court is familiar with the record related to the motion and the remaining record herein.

## I.   FACTS

In this case, Liberty alleges that the Defendant, Mark Kelly, a former franchisee, breached his franchise agreement with Liberty by operating a competing tax preparation business and using Liberty's federally registered trademarks, service marks, and logos after his franchised business was terminated.  Dkt. 1.  Liberty makes claims for violations of the Lanham Act, 15 U.S.C. §§ 1125(a) and 1125(c), the Defend Trade Secrets Act, 18 U.S.C. §1836, *et. seq*., Washington Uniform Trade Secrets Act, RCW 19.108, *et. seq.,* breach of contract, breach of covenants not to compete or solicit, request for accounting, conversion,

unjust enrichment, and tortious interference with business relations. *Id.* Liberty requested damages, injunctive relief, attorneys' fees and costs. *Id.*

In his Answer to the Complaint, Defendant Kelly asserts counterclaims for violations of the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 2, violations of Washington's "franchise disclosure requirements" found at RCW 19.100.080, breach of contract, breach of the implied covenant of good faith and fair dealing, violations Washington's Franchise Investment Act, RCW 19.100.180, and violations of Washington's Unfair Businesses Practices Act, RCW 19.86.020. Dkt. 24.

On August 19, 2020, the Court issued an order granting Liberty's Motion for a Temporary Restraining Order, which, by its terms, has now been converted to a Preliminary Injunction. Dkt. 33.

Now pending is Liberty's motion to dismiss Defendant Kelly's counterclaims. Dkt. 30. Kelly's response to the Motion to Dismiss was due on August 24, 2020. Kelly filed no response.

## II.   DISCUSSION

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555.  The complaint

must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

"Except for motions for summary judgment, if a party fails to file papers in opposition

to a motion, such failure may be considered by the court as an admission that the motion has

merit." Local Rules W.D. Wash. LCR 7(b)(2). Here, the Court considers Defendant Kelly's

failure to file a response as an admission that the motion to dismiss has merit.

The Motion to Dismiss (Dkt. 30) should be granted.  Liberty properly points out his

Sherman Act claims should be dismissed because Defendant Kelly has failed to allege

sufficient facts which would demonstrate that he has standing, has failed to adequately identify

a relevant market, failed to plead which two products he alleges are "tied," allege facts to

support an assertion that Liberty had market power or monopoly power, or that Defendant

Kelly suffered a cognizable antitrust injury.

Moreover, Liberty properly points out that Defendant Kelly's franchise disclosure

claim is time barred.  As to Defendant Kelly's breach of contract, Liberty's argument, that

Defendant Kelly fails to point to any provision of the contract Liberty is alleged to have

breached, has merit.  In regard to Defendant Kelly's claim for breach of the implied covenant

of good faith and fair dealing, Liberty's argument the claim should be dismissed because

Virginia (which is the law the parties agreed would apply to this contact) does not recognize

such a claim, is well taken.

Further, Liberty properly points out that Defendant Kelly's claims for violations

Washington's Franchise Investment Act, RCW 19.100.180 should be dismissed because he

failed to plead that Liberty's purchasing requirements "substantially affect competition" as

required under RCW 19.100.180(b) or that the sales complained of were from Liberty during

Defendant Kelly's time as a franchisee as required under RCW 19.100.180(d).  Lastly, Liberty

properly points out that Defendant failed to plead that the actions by Liberty complained of affected the public interest as is necessary to state a claim for violations of Washington's Unfair Businesses Practices Act, RCW 19.86.020.

The motion should be granted and the counterclaims dismissed.

### III.    ORDER

It is **ORDERED** that:

- Plaintiff JTH Tax LLC d/b/a Liberty Tax Service's Motion to Dismiss Defendant's Counterclaims (Dkt. 30) **IS GRANTED**; and

- Defendant's counterclaims **ARE DISMISSED**.

DATED this 8th day of September, 2020.

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION TO DISMISS – Page 4